United States District Court
Southern District of Texas

**ENTERED**

June 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LISBETH YOLIBETH ORELLANA, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-04359 |
| Petitioner, | | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAM BONDI, *et al*, Respondents. | § § § | |

**ORDER**

Petitioner Lisbeth Yolibeth Orellana filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 2, 2026. Dkt 1. She proceeds here *pro se*. She acknowledges illegal entry into the United States on a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) is unlawful as a violation of (i) the Immigration and Naturalization Act, and (ii) her due process rights under the Fifth Amendment. Id at 14–22.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is thus "subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief." *Montgomery v United States*, 2016 WL 592846, *5 (WD Tex); see also *Salazar Quintanilla v Johnson*, 1:26-cv-00022-H (ND Tex, Jan 16, 2026) (Hendrix, J) (dismissing petition raising issue of textual construction of 8 USC §§1225 and 1226).

The Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08. Such determination forecloses any statutory arguments under the INA.

The undersigned previously resolved that and an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- o *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.

- o *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings, and (iii) eligibility for adjustment of status under the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.

- o *Sanchez-Sanchez*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025), exceeded the jurisdiction of the Central District

2

of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex 2025) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class.").

o *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful violated stay by the Supreme Court and otherwise had no preclusive effect.

o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention.

o *Llanes Carnesolta v Tate,* 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal

3

arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

- o *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce 8 USC §1225(b)(2)(A) does not estop or otherwise prevent the current Administration from enforcing the statute as written.

The arguments presented by Petitioner concerning her detention raise only issues resolved in the decisions cited above. It thus appears on the face of the petition that Petitioner isn't entitled to the relief requested. See 28 USC §2243.

That said, Petitioner will have an opportunity to specify any individual circumstances supporting a different result. For example, the undersigned has granted petitions for writs of *habeas corpus* or otherwise ordered release where determined appropriate upon a showing of individual, meritorious circumstances. For example, see:

- o *Abuelhawa v Noem*, 811 F Supp 3d 847 (SD Tex 2025): Ordering release where the petitioner was subject to a final order of removal, and the Government failed to rebut his showing of good reason to believe that no significant likelihood of removal existed in the reasonably foreseeable future. See also *Iqbal v McBride*, 2025 WL 4634563 (SD Tex) (same); *Sachchithananthan-Pakeerathan v Dickey*, 4:25-cv-05660 (SD Tex, Jan 19, 2026) (same).

- o *Contreras Martinez v Noem*, 4:25-cv-03806 (SD Tex, Aug 25, 2025): Ordering release where the petitioner posted the requisite bond after an immigration judge had entered a valid bond order.

4

- o *Arcos v Noem*, 2025 WL 2856558 (SD Tex): Finding 8 CFR §1003.19(i)(2) unconstitutional as applied to the petitioner in that particular circumstance.
- o *Cruz-Padilla v Lacy*, 4:26-cv-00149 (SD Tex, Jan 22, 2026): Granting petition and ordering bond hearing before immigration judge where the Government failed to make a timely show-cause filing as ordered.

Petitioner Lisbeth Yolibeth Orellana may, within twenty days from entry of this Order, make a further filing with additional authorities or distinguishing facts not considered in the rulings cited above on prior dismissals.

Absent a showing of distinguishing facts, the petition will be denied and this action dismissed with entry of final judgment.

Petitioner may in the alternative voluntarily dismiss the petition.

The motion by Petitioner for expedited handling is DENIED. Dkt 2.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on June 3, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

5