United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISBETH YOLIBETH ORELLANA, <br> Petitioner, | § <br> § <br> § <br> § <br> § | CIVIL ACTION NUMBER <br> 4:26-cv-04359 |
| versus | § <br> § <br> § | JUDGE CHARLES ESKRIDGE |
| PAM BONDI, *et al,* <br> Respondents. | § <br> § <br> § | |

## ORDER ON DISMISSAL

Petitioner Lisbeth Yolibeth Orellana filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 2, 2006. Dkt 1. She acknowledges illegal entry into the United States on a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) is unlawful as a violation of (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 14–22.

Prior order noted the petition appeared to raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 5 at 1–4. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5. She hasn't done so.

The Government was also ordered to state its position with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 6.

Pending is a motion by the Government for summary judgment. Dkt 7. It maintains that no bond hearing is required because Petitioner is subject to mandatory

detention under 8 USC §1225(b)(2)(A). Id at 2–3. It further contends that Petitioner's arguments under due process fail on the merits. Id at 3–9.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026),

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).
- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention.

    o *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce 8 USC §1225(b)(2)(A) does not estop or otherwise prevent the current Administration from enforcing the statute as written.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner hasn't established that her current detention violates either the Constitution or federal law.

*   *   *

The motion by the Government for summary judgment is GRANTED. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Lisbeth Yolibeth Orellana is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez.* She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 20, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge